## DANIEL BLAISDELL *versus* EPHRAIM BRIGGS.

Where it appears by the town records, that the location of a town road by the selectmen was subsequent to the issuing of the warrant to call the meeting of the town for its acceptance, it is not competent to show by parol evidence, that the location by the selectmen in fact preceded the issuing of the warrant.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

Trespass *quare clausum.* The defendant justified entering on the premises by order of a highway surveyor, and alleged that a legal highway was laid out over the same by the town of Jay. From the records of the town it appeared, that the way was laid out by the selectmen on the twenty-fourth of August, 1836 ; that a warrant was issued by the selectmen bearing date the twentieth of the same August, in which was an article to see if the town would accept the location by the selectmen of this way, calling the meeting on the twelfth of September following ; and that at a meeting on that day the town voted to accept the highway thus laid out by the selectmen. As it appeared by the records, that the meeting was called before the road was laid out by the selectmen, the defendant offered to prove by the selectmen, that the plaintiff called on them, and requested that the road should be laid out in season to be acted upon at the meeting on September 12th, and that, having previously made the warrant, they laid out the road, and afterwards inserted the article in the warrant, to see if the town would accept the road, before the meeting was notified by the constable. The plaintiff objected to the admission of this evidence, but the objection was overruled, and the testimony received. The plaintiff then offered to prove by parol, that the road was in fact accepted only conditionally, and that the condition had not been complied with ; and that the vote actually passed was very different from that recorded. The presiding Judge ruled, objection having been made by the defendant, that this testimony was inadmissible, and it was not received. The Judge instructed the jury, that if they were satisfied that the road was actually located, and the article for

its acceptance inserted in the warrant, before the same was delivered to the constable, although the records of the town showed it to be otherwise, that the defendant had made out a legal justification. The verdict was for the defendant, and the plaintiff filed exceptions.

*Stacy,* for the plaintiff, contended that the Judge erred in admitting the testimony objected to by the plaintiff, and in the instructions given to the jury; and cited 1 Fairf. 335; 16 Maine R. 18, 301; 18 Maine R. 183, 344; 2 Pick. 397; 6 Pick. 6; 13 Pick. 229; 4 Greenl. 475.

*R. Goodenow,* for the defendant, said he should not deny that the location of the road must precede the issuing the warrant for calling the meeting, but should contend that the location was in fact before it was called. The date of the warrant is not material, and it takes effect from the time of its delivery as a warrant, and not from the day it happens to bear date. It is competent to prove the time of the delivery by parol evidence. He cited 6 Mass. R. 461; 1 Shepl. 64; 8 Greenl. 334; 3 Fairf. 487; 1 Fairf. 335.

The opinion of the Court was drawn up by

TENNEY J. — The title of the plaintiff to the land is not disputed, but the defendant justifies the act complained of as being done in the repair of a town way, which, it is insisted, was duly and legally located. He introduced the records of the town of Jay by which it appears, that the way was laid out by the selectmen on the 24th of August, 1836, and that a warrant calling a meeting of the town, in which warrant was an article " to see if the town would accept the location of the way in question," was dated the 20th of August, 1836; and at the meeting held in pursuance of the warrant, on the 12th of September, 1836, " It was voted to accept the same as laid out by the selectmen."

By the records, the location by the selectmen was subsequent to the issuing of the warrant calling the town meeting for the approval of the acts of the selectmen. It is well settled,

in the cases cited for the plaintiff, that the location must precede the warrant. The records do not sustain the defence.

Was the evidence, which the jury were allowed to consider, on the question, whether the warrant was in fact issued before the location, admissible? We are satisfied, that it was not. The records upon their face are perfect, and nothing can be supplied, which is now wanting. They cannot be controlled by the evidence introduced. They were intended to afford security, which cannot be found in an inferior species of evidence.

*Exceptions sustained and a new trial granted.*